UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DORENE AMBROSE,

Plaintiff,

v.

BANK OF AMERICA, N.A.

Defendant.

Civil Action No. 1:10-cv-10487-DPW

**BANK OF AMERICA, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Bank of America, N.A., sued as "Bank of America" ("Bank of America"), respectfully submits the following memorandum of law in support of its Motion to Dismiss the "Verified Complaint" ("Complaint") filed by Plaintiff Dorene Ambrose ("Plaintiff").

## INTRODUCTION

Plaintiff's claims arise out of the origination of two mortgage loans that Plaintiff obtained from Countrywide Funding Corporation, n/k/a Countrywide Home Loans, Inc. ("Countrywide") [1] for purposes of refinancing her home. *See generally* Compl. Plaintiff sues Countrywide, her mortgage lender, in connection with Countrywide's purported failure to accurately state Plaintiff's income, employment, marital status and number of dependents on her loan applications. Compl. ¶ 16. Plaintiff further alleges that Countrywide made such misrepresentations knowing that Plaintiff would never be able to pay the debt required by the loans. Compl. ¶ 16. Plaintiff brings three claims related to these allegations: Count I is a claim under M.G.L. c. 93A for unfair and deceptive business practices, Count II is a common law



LIBA/2075213.2

claim for fraud and deceit, and Count III is a claim for equitable relief. Compl. ¶¶ 18 – 24.

Plaintiff has failed both substantively and procedurally to adequately plead her claims against Bank of America. Plaintiff has failed to state a claim under M.G.L. ch. 93A because she has failed to comply with the procedural requirements of that statute. Plaintiff's claim for fraud and deceit is time barred by the statute of limitations for torts contained in M.G.L. ch. 260, § 2A, and fails to meet the heightened pleading requirements for fraud set forth in Fed. R. Civ. P. 9(b). Finally, Plaintiff has failed to state a claim for equitable relief because she did not plead this claim with the requisite particularity required by Fed. R. Civ. P. 8.

## FACTUAL BACKGROUND

Plaintiff is a resident of Cohasset, MA. Compl. ¶ 1. On January 2, 1996, Plaintiff, along with her husband Anthony Ambrose ("Mr. Ambrose"), purchased certain real property located at 30 King St., Cohasset, MA 02025 ("Property"). Schedule of Real Estate Owned, attached to the First Lien Application[2], submitted herewith as Exhibit A, pg. 5.[3] In 2006, Plaintiff refinanced her mortgage with Countrywide Home Loans. Compl. ¶ 3.[4]

On or about January 26, 2006, Plaintiff agreed to a mortgage loan with Countrywide in

---

1 Plaintiff is suing Bank of America on the theory that "Countrywide Funding Corporation, to the best of Plaintiff's knowledge, information and belief, became part of Bank of American [*sic*], the Defendant therein." Compl. ¶ 15.

2 Plaintiff refers to the Uniform Residential Loan Applications for the First Lien (hereinafter "First Lien Application") and Second Lien (hereinafter "Second Lien Application") as "1003" forms in her Complaint, as this form is also known as "Fannie Mae Form 1003." Compl. § 16.

3 In considering this motion, the Court may consider all of the documents comprising Plaintiff's 2006 loan agreements without converting the instant Motion to one for summary judgment, as Plaintiff referenced the loan agreements throughout her complaint, and the loan agreements form the basis for her claims. *See Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st. Cir. 1998) (*citing Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleading if they are referred to in the plaintiff's complaint and are central to her claim."). Loan documents related to Plaintiff's First Lien are attached hereto as Exhibit A, and documents relating to Plaintiff's Second Lien are attached hereto as Exhibit B.

4 For the purposes of this motion only, Bank of America cites to the factual allegations of the Complaint for the purposes of establishing whether Plaintiff has made sufficient allegations to state a claim for which relief can be

the amount of $941,250.00 (Loan #124545387, hereinafter "First Lien"). Compl. ¶ 3. Out of those loan proceeds, $705,948.24 was used to pay off the existing first mortgage held by Washington Mutual, and $261,100.00 was used to pay off certain of Mr. Ambrose's business debts with South Shore Bank and two other creditors. Compl. ¶ 9. On or about March 17, 2006, Plaintiff, obtained a second mortgage from Countrywide in the amount of $49,000.00 (Loan #133806353, hereinafter "Second Lien"). Compl. ¶ 4. The loan applications, both of which were signed by Plaintiff, state that Plaintiff is self-employed (as the owner of Blackfin Chophouse), earns $21,000 per month, and has $100,000 in assets. *See* First Lien Application, Ex. A, pg. 1-2; Second Lien Application, Ex. B, pg. 1-2. The First Lien Application states that Plaintiff is unmarried with no dependents. *See* First Lien Application, Ex. A, pg. 1. The Second Lien Application states that Plaintiff is married with no dependents. *See* Second Lien Application, Ex. B, pg. 1.

Plaintiff alleges that, during the origination process for the First Lien, Countrywide employee, Matthew Walsh ("Mr. Walsh"), never took an application to obtain Plaintiff's employment and income information, and merely "secured the social security number from Plaintiff." Compl. ¶ 8. Plaintiff also alleges that Mr. Walsh "knew [Plaintiff] was married with children and at the time of closing [Plaintiff] was with her children." Compl. ¶ 16. However, Plaintiff's loan file contains a letter confirming Plaintiff's ownership interest in Blackfin Chophouse, sent to Countrywide on January 23, 2006, three days prior to the closing of the First Lien.[5]

---

granted. Bank of America reserves its right to challenge the accuracy of any of Plaintiff's factual allegations in later proceedings, if necessary.

[5] Plaintiff's loan file includes a letter to Countrywide Mortgage Company from Rucci, Bardaro & Barrett, Certified Public Accountants, sent on January 23, 2006. The letter states that "Dorene Fallon-Ambrose has ownership interests in Ambrosia Management, Inc. and Ambrosia Management Company, Inc." and "[t]hese entities are related to the restaurants known as Blackfin Chop House and Raw Bar." It also states that "Dorene is

Despite Plaintiff's allegations in the Complaint, she was aware of all of the information contained in each of her loan applications, as evidenced by her signature that appears on both documents. *See* First Lien Application, Ex. A, pg. 3; Second Lien Application, Ex. B, pg. 3. The loan applications contain an "Acknowledgement and Agreement" section which states that "Each of the undersigned specifically represents to Lender…and acknowledges that (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability." *Id.* Plaintiff was also required to sign a "Borrower's Certification and Authorization Form," which states that:

> In applying for the loan, I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information, and assets and liabilities. I/we certify that all of the information is true and complete.

*See* Borrower's Certification and Authorization Form, First Lien Application, Ex. A, Pg. 6; Borrower's Certification and Authorization Form, Second Lien Application, Ex. B., Pg. 6.

According to the Complaint, Plaintiff began making regular payments on both loans. Compl. ¶ 13. Plaintiff then admits that, after a period of time, she was unable to continue to make timely payments on these loans. Compl. ¶ 13. Plaintiff alleges that she sought but was not granted a loan modification from Countrywide. Compl. ¶ 13. Next, Plaintiff alleges that she requested a partial release from Countrywide to sell a vacant lot next to her home that is secured by the mortgage given to Countrywide and that Countrywide never responded to this request. Compl. ¶ 14. Countrywide began foreclosure proceedings on the Property, but these proceedings were never completed. Compl. ¶ 15.

---

essentially treated for tax purposes as self-employed." Letter to Countrywide Mortgage Company, dated 1/20/06, attached to First Lien Application, Ex. A, pg. 7.

Plaintiff ultimately filed the instant action in the Massachusetts Superior Court, Norfolk County, on or about January 22, 2010.

## ARGUMENT

### I. STANDARD FOR MOTION TO DISMISS

A complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to satisfy Rule 8, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under *Bell Atlantic Corp. v. Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . "and the Complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." 550 U.S. 544, 555 – 56, n.3 (2007) (citations omitted) ("*Twombly*").

The Supreme Court recently reiterated this standard in *Ashcroft v. Iqbal*, stating that the federal rules "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. ___, 129 S.Ct 1937, 1949 (2009).[6] A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," requiring "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Given these principles, the Court held that not every allegation in a complaint must be accepted as true simply because plaintiff has made the allegation:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Id.* at 1950.

---

[6] The Court also clarified the misconception that the ruling in *Twombly* only applied to anti-trust cases, holding that "[o]ur decision in *Twombly* expounded the pleading standard for all civil actions." *Ashcroft*, 129 S.Ct at 1953.

In addition, allegations of fraud must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). Specifically, Rule 9(b) "entails specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations." *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 189 (1st Cir. 2006).

Even construing the Complaint in the light most favorable to Plaintiff and taking her factual allegations as true, Plaintiff has failed to state a claim for which relief may be granted.

## I. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER M.G.L. Ch. 93A.

As an initial matter, Plaintiff has failed to identify under which provision of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A ("93A") she seeks to hold Countrywide liable. However, the only section of 93A under which Plaintiff could assert a claim against Countrywide is M.G.L. ch. 93A, § 9 ("Section 9"), which provides for a private right of action for any consumer who claims to have been harmed by another person's unfair or deceptive trade practices.

Plaintiff cannot state a claim for which relief can be granted under Section 9, because she has failed to comply with the procedural requirements of that statute. Section 9 requires that "[a]t least thirty days prior to the filing of any [action under Section 9], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." M.G.L. ch. 93A, § 9(3). This "statutory notice requirement is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'" *Rodi v. S. New Eng. Sch. of Law*, 389 F. 3d 5, 19 (1st Cir. 2004) (quoting *Entrialgo v. Twin City Dodge, Inc.,* 368 Mass. 812, 813 (1975) (rescript)). In fact, the making of a written demand is "a special element [that] must be alleged and proved." *Entrialgo*, 368 Mass. at 813 ("The purpose of the demand letter is to facilitate the settlement and

damage assessment aspects of c. 93A and as such the letter and notice therein is a *procedural requirement the absence of which is a bar to suit*.") (emphasis added). Without the successful mailing or delivery of the required demand letter, a claim under Section 9 must be dismissed.

Here, Plaintiff has failed to make such a successful mailing or delivery. Although Plaintiff sent a demand letter to Bank of America on or about January 7, 2010[7], there are two principal deficiencies with the mailing: (1) it was not sent at least thirty days prior to the filing of the action; and (2) Plaintiff fails to allege in her Complaint that she sent any such a letter, or to whom the alleged letter was sent. Plaintiff's Demand Letter was allegedly sent on January 7th, and the instant action was filed in Superior Court in Norfolk County no later than January 22nd, only 15 days later. *See generally* Compl. While Bank of America was not served with the Complaint until March 1, 2010, the date of filing, not service, is what controls the timing under ch. 93A. *See* M.G.L. ch. 93A, § 9(3) (a demand letter must be sent "at least thirty days prior to *filing*") (emphasis added). Therefore, Plaintiff has failed to meet the prerequisites of the statute and her claim must be dismissed.

Plaintiff also failed to meet the requirements of having "alleged and proved" mailing and receipt of her Demand Letter in the Complaint. *See Entrialgo*, 368 Mass. at 813. Plaintiff neither refers to nor attaches her Demand Letter to the Complaint. Compl. ¶¶ 18 – 20 (describing Plaintiff's claims under ch. 93A, but failing to mention any demand letter). Plaintiff's failure to comply with the demand letter requirements contradicts the very purpose of Section 9, and such failure mandates dismissal of Plaintiff's M.G.L. ch. 93A claims with prejudice.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD AND DECEIT

[7] A copy of Plaintiff's Demand Letter served upon Bank of America is attached hereto as Exhibit C.

Plaintiff has failed both substantively and procedurally to state a claim for common law fraud and deceit. First, Plaintiff's claim is time barred by the three year statute of limitations for torts contained in M.G.L. ch. 260, § 2A because her claim accrued no later than March 17, 2006, the date in which Plaintiff signed the Second Lien Application. Second, Plaintiff's claim fails to meet the heightened pleading requirements for fraud set forth in Fed. R. Civ. P. 9(b), as Plaintiff cannot establish reasonable reliance or harm resulting from any claimed misrepresentation made by Countrywide.

### A. PLAINTIFF'S CLAIM FOR FRAUD AND DECEIT IS BARRED BY THE STATUTE OF LIMITATIONS FOR TORT ACTIONS

Under Massachusetts law, an action for "fraud and deceit" must be commenced within three years after the cause of action accrues. M.G.L. ch. 260, § 2A ("Except as otherwise provided, actions of tort…shall be commenced only within three years next of when the cause of action accrues"); *see Bogosian v. Energy North, Inc*., 2001 WL 1809811, *1, *2 (Mass. Super. Ct. Dec. 13, 2001) (applying M.G.L. ch. 260, § 2A to claims of fraud and deceit). A cause of action accrues when "the plaintiff learns *or reasonably should have learned* of the misrepresentation." *Friedman v. Jablonski*, 371 Mass. 482 (1976) (emphasis added).

Although Plaintiff acknowledges in her Demand Letter that she signed the documents related to her First Lien at the time of closing, she also states that she failed to read the documents. Demand Letter, Ex. C., pg. 2. Plaintiff stated, "she simply put her copies of the documents aside as the transaction was concluded. She saw no reason to review what she thought were loan documents that were prepared by Countrywide…." *Id.* She states that she was not aware of the alleged error in either of the Loan Applications until they were reviewed by her attorney "[w]ithin the last two months." Compl. ¶ 16.

However, because Plaintiff should have known of these alleged errors at the time of

signing, Plaintiff's cause of action for fraud and deceit accrued no later than March 17, 2006 (the date on which Plaintiff signed the Second Lien Application). *See, e.g., McKenna v. Scherr*, 2004 WL 1854146, *1, *4 (Mass. Land. Ct. Aug. 19, 2004) (holding that plaintiff "either knew or should have known" of defendant's alleged alteration of the deed in question when plaintiff went to the Registry of Deeds and was presented with a copy of the deed on record that contained these alterations); *Eaton Financial Corp. v. Dunleavey*, 1991 WL 241863 *1, *6 (Mass. App. Ct. Div. Nov. 7, 1991) (holding that plaintiff "either knew or should have known" of defendant's unfair and deceptive conduct when he was presented with a lease document containing information that gave plaintiff "reasonable cause to inquire about facts giving rise to" potential legal action).

Plaintiff's claims for fraud and deceit accrued not later than March 17, 2006, which is more than three years before filing her Complaint in this action. Therefore, those claims are barred by the applicable statute of limitations. M.G.L. ch. 260, § 2A; *Bogosian*, 2001 WL 1809811 at *2.

### B. PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A CLAIM FOR FRAUD AND DECEIT UNDER RULE 9

Even if the statute of limitations does not bar Plaintiff's claims for "fraud and deceit," those claims nevertheless must be dismissed for failing to comply with the heightened pleading standards of Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must specify in the Complaint "the time, place, and content of the alleged false or fraudulent representations." *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 189 (1st Cir. 2006). For Plaintiff to state a valid claim for fraud and deceit, she "must show a false statement of material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiff's detriment." *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 77 (App. Ct. 1991).

Plaintiff's fraud claims alleged in the Complaint relate to statements in the Plaintiff's

loan application concerning her employment, income, marital status and number of dependents Compl. ¶ 22 (stating that "the actions of Defendant were fraudulent and deceitful in that they caused [Plaintiff] to execute documents created by their agents, servants or employees that were by their very nature fraudulent and deceitful"). These conclusory allegations, however, fail to support a fraud claim, because Plaintiff cannot establish reasonable reliance or harm resulting from any claimed misrepresentation of the above facts where she knew her own employment status, income level, marital status and number of dependents, and approved any statement thereof by signing the very documents that set forth this information. The Second Restatement of Torts makes clear that "[t]he recipient of a fraudulent statement is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him." Rest. 2d Torts § 541. A plaintiff "cannot recover if he blindly relies upon a misrepresentation the falsity of which would have been patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Id*; *see also, e.g., Collins v. Huculack*, 57 Mass. App. Ct. 387, 394 (App. Ct. 2003); *Mahaney v. John Hancock Mut. Life Ins. Co.*, 6 Mass. App. Ct. 919, 919 (App. Ct. 1978). Plaintiff cannot utilize to her advantage an alleged misrepresentation on the one hand and then later claim to have been the victim of fraud and deceit regarding the very same representation. Therefore, Plaintiff has failed to state a claim for fraud and deceit.

## III. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR EQUITABLE RELIEF

In Count III of her Complaint, Plaintiff "states that part of her remedy sought herein should be that of an equitable remedy." Compl. ¶ 24. Plaintiff requests that she be allowed to sell of the extra lot described in her Complaint "free and clear of any mortgages to the Defendant." Compl. ¶ 24. Plaintiff has failed to state an adequate claim for equitable relief under Rule 8, which requires that the Complaint contain, among other things, "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to satisfy Rule 8, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Equitable relief is a narrow remedy that is only appropriate when Plaintiff demonstrates that he or she "has no adequate remedy at law." *Dent v. Dent*, 2009 WL 1940145, *1, *2 (Mass. App. Ct. July 8, 2009); *see also Literature Inc. v. Quinn*, 482 F.2d 372, 376 (1st Cir. 1973); *Boston Teachers Union, Local 66 v. Boston*, 382 Mass. 553, 556 (Mass. 1983) ("Where equitable relief is appropriate, it must be confined within narrow limits"). Here, Plaintiff has made no allegations in her Complaint as to why monetary damages would be insufficient to remedy any possible injuries suffered by Plaintiff. In her Complaint, Plaintiff states that she ought to be allowed to sell the vacant lot adjacent to her home because sale of the lot would "generate a substantial amount of money to reduce the Countrywide debt." Compl. ¶ 14. This blanket statement of Plaintiff's entitlement to relief is insufficient to meet the pleading requirements of Rule 8 and *Twombly*. *See Twombly*, 550 U.S. at 555 n.3 ("the Complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief").

**CONCLUSION**

For the reasons stated above, Defendant respectfully requests that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) given Plaintiff's failure to state a claim for which relief can be granted, and dismiss the Complaint its entirety with prejudice.

Dated: March 29, 2010

Respectfully submitted,

BANK OF AMERICA, N.A.,

By their attorneys,

/s/ Kathleen E. Roblez

Chad W. Higgins (BBO #668924)
Kathleen Roblez (BBO #676443)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
chiggins@goodwinprocter.com
kroblez@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on March 29, 2010.

/s/ Kathleen E. Roblez
Kathleen E. Roblez

Dated: March 29, 2010